Steven R. Manchester (State Bar No. 45589)
Attorney at Law
Ten Almaden Blvd., Suite 1250
San Jose, CA 95113
T: 408 293 5400; F: 408 293 5401
Email: smanchester94@gmail.com

Attorney for Defendant, David Michael Miller

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>.DAVID MICHAEL MILLER<br><br>　　　　　Defendant. | Case No. CR-10-00004 JF PVT<br><br>[PROPOSED] ORDER, STIPULATION, AND DECLARATION OF STEVEN R. MANCHESTER IN SUPPORT OF REQUEST FOR CONTINUANCE OF SURRENDER DATE |

I.  DECLARATION

I, Steven R. Manchester, declare:

I am counsel of record for the defendant, David Miller (Miller). If called as a witness, I could competently testify to the following.

On June 10, 2010 the defendant was sentenced to a term of imprisonment of 84 months. The court set a self surrender date of August 9, 2010.

On July 16, 2010, the undersigned received a letter from the defendant's father requesting a continuance of the surrender date for 90 days (November 9, 2010). A copy of said letter is attached hereto as Exhibit A. The defendant and his father are in the process of starting a business, and the father explains that this is a critical time during which he needs the assistance of his son to get the business off the ground.

1

On July 20, 2010 I exchanged email communications (including the letter from the Miller's father) with Assistant United States Attorney Jeff Nedrow to determine whether he had any objection to the requested extension of the stay for surrender. Mr. Nedrow stated that he had no objection to the request, and that I could make that representation to the Court.

On July 21, 2010, I spoke to Anthony Granados from Pre-Trial Services who has been monitoring Miller. He told me I could represent to the Court that he had no objection to the requested extension.

Both Mr. Nedrow, and Mr. Granados, indicated that they would not agree to a further extension.

I declare under penalty of perjury that the foregoing is true and correct. Signed this twenty-first day of July, 2010 at San Jose, California.

_____/s/_____
Steven R. Manchester

II.   STIPULATION

For the reasons set forth in the Declaration of Steven R. Manchester, the parties agree that the date for the defendant's surrender in this matter be continued from August 9, 2010 to November 9, 2010.

Dated: July 21, 2010                         _____/s/_____
                                             Assistant U.S. Attorney Jeff Nedrow

Dated: July 21, 2010                         _____/s/_____
                                             Steven R. Manchester

2

III.   ORDER

The parties having stipulated thereto, and good cause appearing therefore, it is HEREBY ORDERED that the date for the defendant's self surrender be extended from August 9, 2010 to November 9, 2010.

Dated: 8/4/10

_____
Jeremy Fogel, District Court Judge

# EXHIBIT A



To the Honorable Court

Reference David M. Miller

My name is Norman J. Miller, father of David Miller who is currently scheduled for incarceration in Federal Prison System on August 9, 2010. I would like to make the court aware of and to consider the dire state of affairs I currently face. I formed a new start-up company, Glo Plus Inc. a California Corporation in 2009 to design, market and sell lighting products based on the latest LED technology. David is an equal partner with me and we both have devoted our energies to making this company a success. David is the primary contributor to the effort since I am 79 years of age and limited in what I can contribute; without David Glo Plus would not exist. Neither David nor I take any salary and the company is funded by our personal funds. We have been successful through David's sole efforts in getting interest at key accounts such as Fry's, Walmart and several others. We are in the middle of discussions to get our first orders for product, which could ensure the success of the company. At this stage of business development it is critical for me to have David's skills and energies available in our efforts to closing several pending production orders which could ensure future success for the company. I cannot afford to hire these skills due to limited funds, and as can be appreciated, in any event a newly hired person would be of little value in closing the near term identified accounts.

I therefore respectively ask the court to consider a delay of 60 to 90 days for the start of David's incarceration. Also it is worthy of consideration that a successful company, Glo Plus, will ensure David a respectable and responsible position upon his release. I would be a most appreciative father and citizen if the court could grant this request.

Sincerely,

Norman Miller

16 July 2010